# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE



Randy Clinton Cox
84 Park Ave
Portland, Maine 04101

Plaintiff,

v.

Cumberland County Jail;
Cumberland County Sheriff's Office;
Cumberland County, Maine

Defendants.

Civil Action No.: _____

## FULL FEDERAL CIVIL RIGHTS COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is a full civil rights complaint brought under 42 U.S.C. § 1983, the Fourteenth Amendment,
the Americans with Disabilities Act (ADA), and Maine state law. Plaintiff Randy Clinton Cox alleges
that Defendants acted with negligence, deliberate indifference, and discriminatory conduct by
publicly posting his mugshot prior to any conviction, failing to accommodate his disability,
and subjecting him to unlawful detention, humiliation, emotional trauma, reputational destruction,
and loss of housing. Plaintiff seeks compensatory damages, punitive damages, declaratory relief,
and injunctive relief to remove his mugshot and prevent future violations.

### JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 because the action arises under federal law.
Jurisdiction also exists under 28 U.S.C. § 1343(a)(3) for claims involving deprivation of civil

rights.

Venue is proper under 28 U.S.C. § 1391(b) because the events occurred within the District of Maine.

## PARTIES

Plaintiff Randy Clinton Cox is a disabled individual residing in Portland, Maine. Plaintiff suffers
from Fetal Alcohol Syndrome (FAS), which affects cognitive processing, memory, emotional regulation,
and communication. Defendants Cumberland County Jail, Cumberland County Sheriff's Office, and
Cumberland County are governmental entities acting under color of state law.

## FACTUAL BACKGROUND

On October 29,, 2025, Plaintiff was arrested following a false accusation made by an intoxicated
roommate. Officers failed to conduct any meaningful investigation, failed to interview Plaintiff,
and relied solely on the unreliable statements of the intoxicated individual.

Upon arrival at Cumberland County Jail, Plaintiff's mugshot was taken while Plaintiff was distressed,
confused, frightened, and cognitively impaired due to his disability. On October 29, 2025, Defendants posted the mugshot publicly on their website, implying guilt, damaging Plaintiff's
reputation, and violating his presumption of innocence.

The mugshot remained publicly displayed even after Plaintiff was bailed out on November 18, 2025.
Members of the public accessed, downloaded, and shared the image, causing immense humiliation,
emotional distress, PTSD, panic attacks, homelessness, and worsening mental health.

Defendants failed entirely to provide ADA-required accommodations. Plaintiff was not given clear
information regarding his charges, rights, or legal options in any manner he could understand.
This failure directly contributed to Plaintiff's prolonged detention, fear, trauma, and inability
to defend himself.

### CLAIM I – FOURTEENTH AMENDMENT DUE PROCESS VIOLATION (42 U.S.C. § 1983)

Defendants acted under color of state law by depriving Plaintiff of his constitutional right to due
process. Publishing Plaintiff's mugshot publicly before conviction violated the presumption of innocence.
Failing to conduct a proper investigation further violated procedural due process. Holding Plaintiff for
19 days without proper explanation or accommodation constituted unconstitutional detention.

### CLAIM II – ADA TITLE II VIOLATIONS

Plaintiff is a qualified person with a disability. Defendants failed to identify or accommodate his
disability and denied him equal access to the criminal justice process. Defendants' failure to communicate
properly with Plaintiff, provide support, or ensure comprehension violated ADA Title II and constitutes
disability discrimination.

### CLAIM III – FALSE LIGHT / INVASION OF PRIVACY

Defendants publicly posted Plaintiff's mugshot in a manner that implied guilt and cast Plaintiff in a
false and damaging light. This conduct was reckless, negligent, and caused severe harm to Plaintiff's
public reputation and internal emotional well-being.

### CLAIM IV – NEGLIGENCE

Defendants failed to act with reasonable care by publicly releasing Plaintiff's mugshot, ignoring his
disability, and failing to provide proper communication or support. This negligence caused foreseeable
emotional, psychological, and financial harm to Plaintiff.

### CLAIM V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants' actions were extreme and outrageous. Plaintiff now suffers PTSD, panic attacks, trauma,
fear of the criminal system, humiliation, and ongoing emotional distress. Defendants acted with reckless
disregard for the impact of their actions.

## DAMAGES

Plaintiff seeks compensatory damages for emotional distress, loss of housing, reputational harm, trauma,
and financial losses. Plaintiff additionally seeks punitive damages to deter similar conduct. Plaintiff seeks attorney's fees and costs under 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as guaranteed by the Seventh Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for:
1. Compensatory damages;
2. Punitive damages;
3. Emotional distress damages;
4. An injunction requiring removal of Plaintiff's mugshot;
5. Reasonable ADA accommodations in all future interactions;
6. Attorney's fees and litigation costs;
7. Any further relief deemed equitable and just.


Respectfully submitted,

Randy Clinton Cox
Plaintiff, Pro Se
~~84 Park Ave,~~ 84 Depot Road Falmouth
Portland, Maine 04101  ME 04105

*Randy Cox* [signature]
11-21-25