## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDY CLINTON COX, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00584-SDN |
| | ) | |
| CUMBERLAND COUNTY et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Randy Clinton Cox's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), his complaint (ECF No. 1) is now before me for preliminary review under 28 U.S.C. § 1915(e)(2)(B). For the following reasons, I find that Cox does not state a valid claim under § 1983 or Maine state law, and I recommend that the Court dismiss the complaint.

### I. Legal Standard

The *in forma pauperis* statute is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint fails to state a claim when, taking the

1

facts alleged as true, it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.  Allegations

In his complaint, Cox alleges that the Cumberland County Jail, Sheriff's Office, and County Government violated his rights protected under the Fourteenth Amendment to the United States Constitution and the Americans with Disabilities Act (ADA) and committed various state-law torts.  Complaint (ECF No. 1) at 3-4.  Liberally construed, the complaint alleges that Cox was arrested in October 2025, based on unreliable statements from his intoxicated roommate and without a meaningful police investigation.  *Id.* at 2.  After his arrest, Cox's mugshot was taken and posted on the County Jail's website, where it remained after his release in November 2025.  *Id.*  Cox also alleges that the Defendants did not reasonably accommodate his fetal alcohol syndrome by failing to inform him regarding his charges, rights, or legal options in a manner that he could understand.  *Id.*

## III.  Discussion

The complaint names three defendants: Cumberland County, the County Jail, and the County Sheriff's Office.  Complaint at 1.  The Cumberland County Jail and Sheriff's Office cannot be sued separately because they lack legal identities distinct from the County. *See Allen v. York Cty. Jail*, No. 01-224-P-C, 2003 WL 221842, at *7 (D. Me. Jan. 30, 2003) (rec. dec.), *aff'd*, 2003 WL 848287 (D. Me. Mar. 5, 2003) ("[S]uits against municipal subdivisions . . . are in essence suits against the municipality.").  Therefore, I assess whether Cox's complaint states a claim against the County alone.

## A. Due Process

Count I alleges a 42 U.S.C. § 1983 claim for a violation of Cox's Fourteenth Amendment right to due process.  Complaint at 3.  To state a § 1983 claim against the County, the plaintiff must allege that "action pursuant to official municipal policy of some nature," or municipal custom or practice, "caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Cox does not allege deprivation of due process based on a municipal policy or custom; therefore, Count I fails to state a claim.

Even if Cox had alleged that municipal officers acted under a policy, Count I would still fail to state a claim for multiple reasons.  To state a procedural due process claim, a plaintiff must allege that (1) they had a liberty or property interest, and (2) deprivation of that interest without a constitutionally adequate process.  *See Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542 (1985).  The crux of Cox's due process claim is that the County damaged his reputation by publishing his mugshot.  Complaint at 2.  However, the Supreme Court has never endorsed

> the proposition that reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause.

*Paul v. Davis*, 424 U.S. 693, 701 (1976).  The Court's decision in *Paul* gave rise to the stigma-plus rule "designed to measure due process claims involving reputational injury and its impact on employment or like status."  *Gardner v. Thomas*, No. 1:13-cv-331-GZS, 2014 WL 916397, at *6 (D. Me. Mar. 10, 2014).  The rule is instructive here, and even if the facts alleged in the complaint satisfy the stigma

3

portion of the rule, there are no facts illustrating the deprivation of a liberty of property interest beyond reputational injury. Thus, Count I fails to state a procedural due process claim.

Liberally construed, the complaint also alleges a substantive due process claim. Complaint at 2-3. The two substantive due process rights relevant here are the right to privacy and the right not to be punished before being convicted of a crime. *See DePoutot v. Raffaelly*, 424 F.3d 112, 118 (1st Cir. 2005) ("In its substantive aspect, due process safeguards individuals against certain offensive government actions, notwithstanding that facially fair procedures are used to implement them."); *Dupont v. City of Biddeford*, No. 2:11-cv-00209-JAW, 2011 WL 5075642, at *2 (D. Me. Oct. 24, 2011) (rec. dec.), *aff'd*, 2012 WL 441255 (D. Me. Feb. 10, 2012) (discussing how substantive due process protects disclosure of personal matters, the privacy of which is "implicit in the concept of ordered liberty" (cleaned up)); *Collazo-Leon v. U.S. Bureau of Prisons*, 51 F.3d 315, 317 (1st Cir. 1995) ("[P]unishment cannot be inflicted upon pretrial detainees prior to an adjudication of guilt in accordance with due process of law."). I examine each below.

The Supreme Court has recognized privacy protections grounded in an individual's interest in avoiding disclosure of personal matters. *See Whalen v. Roe*, 429 U.S. 589, 599 (1977). Here, the factual allegations involve the disclosure of Cox's mugshot, which he contends is akin to a personal matter. However, the law does not confer an individual's arrest records—including mugshots—a federal constitutional right to privacy. *See Paul*, 424 U.S. at 718 (refusing to recognize right to privacy in

§ 1983 claim where plaintiff's mugshot was publicized, even though plaintiff was "never convicted of any criminal activity"); *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 117 (3d Cir. 1987) ("Arrests are public by their very nature.  Even if the arrest does not take place in public view, the booking at police headquarters is not private. Arrest records are not exempted from the Freedom of Information Act, and even investigatory records prepared prior to arrests are accorded only limited protection. 5 U.S.C. § 552(b)(7).").  Therefore, the publication of the mugshot cannot be the basis for a § 1983 substantive due process claim based on an invasion of a privacy right.[1]

Alternatively, a plaintiff may also state a substantive due process claim by alleging preconviction punishment.  *See Collazo-Leon*, 51 F.3d at 317.  In *Bell v. Wolfish*, the Supreme Court held that a governmental action against an individual may violate their right to be free of preconviction punishment if the action (1) harms the plaintiff, and (2) is done with an express intent to punish or is excessive in relation to the nonpunitive governmental purpose assigned to it.  441 U.S. 520, 538-39 (1979).  Based on the Supreme Court's decision in *Paul* (concluding that reputation injury alone is insufficient to state a due process claim), the harm requirement is more than an amorphous reputational stigma associated with arrest. 424 U.S. at 701.  Here, Cox has not alleged any harm beyond the posting of a mugshot that accurately reflected the fact that he was arrested.  And even assuming there was

---

[1] Even if federal law did confer privacy rights to arrested individuals for their mugshots, to state a substantive due process claim for an invasion of that right, Cox would still need to plead facts to show that the publication of the mugshot "shocks the conscience." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008).  There are no such facts here.

harm, Cox has not alleged any facts beyond conclusory statements to support the County's intent to punish or the excessiveness of posting the mugshot in light of the legitimate governmental interest in transparency.[2] Therefore, Count I fails to state a claim.

## B. ADA

Count II of Cox's complaint alleges that the County violated his rights under Title II of the ADA by failing to reasonably accommodate his disability. Complaint at 3. Cox alleges that he has Fetal Alcohol Syndrome, and that the County failed to communicate with him in a manner that would ensure his comprehension of the charges, his rights, or his "legal options" during the adjudication of his case. *Id.*

Title II of the ADA states that no "qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under this section, a plaintiff must allege that

---

[2] One other circuit has concluded otherwise. The Ninth Circuit has stated that "even if transparency is a legitimate government interest, no rational relationship exists between that goal and the County's gratuitous inclusion of at least some of [the plaintiff's] personal information in its public 'Mugshot Lookup' post. Absent a rational relation between the post and the County's interest, as articulated at this stage of the case, an inference that the post was motivated by punitive intent is plausible and so precludes dismissal." *Houston v. Maricopa, Cnty.*, 116 F.4th 935, 944 (9th Cir. 2024). Ultimately, the Ninth Circuit appears to be an outlier in establishing broader liability for publishing a mugshot, and the First Circuit has not spoken on the issue. The weight of authority points to the fact that arrest records are public and "[n]ondisclosure of one's criminal record is not one of those personal rights that is 'fundamental' or 'implicit in the concept of ordered liberty.'" *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (quoting *Whalen v. Roe,* 429 U.S. 589 (1977)); *see also Fraternal Order of Police, Lodge No. 5*, 812 F.2d at 117 ("[W]e hold that arrest records are not entitled to privacy protection . . . ."); *Paul*, 424 U.S. at 701 (concluding there is no due process claim for police distributing flyers with recent arrestees' names, mugshots, and crimes of arrest to local businesses). Therefore, Cox cannot make out a substantive due process claim for pre-conviction punishment based on his mugshot being posted on the county jail website.

(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000).

The "failure to accommodate" theory of liability that is alleged in Cox's complaint is codified in Title I of the ADA. 42 U.S.C. § 12112(b)(5)(A). Title I defines discrimination by employers, to include "not making reasonable accommodations [for a disabled employee's] known physical or mental limitations." *Id.* Title II, however, does not include an explicit failure to accommodate provision, but courts have recognized the theory of liability in the Title II context. *See Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 & n.11 (5th Cir. 2005) ("[The ADA] impose[s] upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." (citing 42 U.S.C. § 12131)); *Toledo v. Sanchez*, 454 F.3d 24, 32 (1st Cir. 2006) ("Title II imposes an affirmative obligation on public entities to make their programs accessible to qualified individuals with disabilities . . . .").

An essential aspect of a Title II failure to accommodate claim that carried over from Title I is that the defendant had knowledge—either actual or constructive—of the disability. *See Summers v. City of Fitchburg*, 325 F. Supp. 3d 203, 209 (D. Mass. 2018), *aff'd*, 940 F.3d 133 (1st Cir. 2019) (concluding that a prima facie case under the reasonable accommodation theory requires "knowledge on the part of the defendant of the disability"). Otherwise, the defendant cannot accommodate something it does not know about. *Id.* Here, Cox's complaint fails to allege facts

7

supporting that the County Defendants knew of his disability. Without which, Count II fails to state a claim under Title II of the ADA.

### C.  State Law Tort Claims

Counts III-V arise under state law. Complaint at 3. Therefore, because the claims creating federal jurisdiction should be dismissed, the pendent state claims should also be dismissed. *See Zell v. Ricci*, 957 F.3d 1, 15 (1st Cir. 2020) (noting that it is generally an abuse of discretion to retain supplemental jurisdiction over state law claims when all federal claims have been dismissed early in a case).

Even if the state law claims were allowed to proceed, they do not comply with the procedural and immunity requirements of the Maine Tort Claims Act (MTCA). *See* 14 M.R.S.A. §§ 8101-8118. Under the MTCA, governmental entities are immune from suit unless their actions fit within one of the exceptions to immunity. *Id.* § 8104-A. Plaintiffs who seek to hold a governmental unit liable must first meet a procedural requirement of notifying the unit of the intention to bring a claim. *Id.* § 8107. Additionally, the claim must fit within the waiver of governmental immunity. *See Peters v. City of Westbrook*, 2001 ME 179, ¶ 5, 787 A.2d 141 ("[G]overnmental entities are immune from suit unless their actions fit within one of the exceptions to immunity.").

Here, governmental immunity has not been waived for the types of claims raised in Counts III-V. *See* 14 M.R.S.A. § 8104-A (waiving immunity for "Ownership; maintenance or use of vehicles, machinery and equipment . . . Public buildings . . . Discharge of pollutants . . . Road construction, street cleaning or repair"). Therefore,

even without delving into whether Counts III-V allege enough facts to state a claim, Cox cannot overcome the immunity and procedural aspects of the MTCA, and the pendent state law claims should be dismissed.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Cox's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice because it is conceivable that Cox could cure the deficiencies noted herein with a more detailed complaint.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: May 13, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge